UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MALIK BROWN,

**CV 15                        1053**

Plaintiff

- against -

THE CITY OF NEW YORK and MATTHEW
RECCHIA, Shield 16368, an employee of the
New York City Police Department,

                              Defendants.

------------------------------------------------------------------x

COMPLAINT

**POHORELSKY, M.J.**

Jury Trial Demanded

Malik Brown, by his attorney, The Law Office of Matthew Flamm, alleges

the following upon information and belief as his Complaint:

### Nature of the Action

1.      This civil rights action arises from Malik Brown's September 9 and

10, 2013 encounters with Police Officer Matthew Recchia.  Plaintiff seeks

compensatory and punitive damages for violation of his civil rights under 42

U.S.C. §1983.

### Jurisdiction and Venue

2.      This action arises under the United States Constitution and 42

U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under

28 U.S.C. §1367.  Plaintiff requests that this Court exercise pendent jurisdiction

over those state law claims arising out of the same common nucleus of operative

facts as do plaintiff's federal claims.

3.     Under 28 U.S.C. §1391(b) and © , venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

<u>Parties</u>

4.     Plaintiff Malik Brown is a citizen of the United States of America residing in the State and City of New York, County of Queens. He is African-American and, at the time of the incidents complained of, was a sixteen year old sophomore at Automotive High School at 50 Bedford Avenue in Brooklyn, New York. Mr. Brown's date of birth is March 1, 1997, and he reached the age of eighteen on March 1, 2015.

5.     Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incidents underlying this lawsuit.

6.     Defendant Matthew Recchia, Shield 16368, was at all times relevant, a duly appointed and acting police officer employed by the New York City Police Department and assigned, upon information and belief, to the 94th Precinct in Brooklyn, New York.

7.     At all times relevant, the individual defendant was acting under color of state law.

8.     The individual defendant involved in the incidents underlying this lawsuit was acting within the scope of his employment by defendant City of New York.

-2-

<u>Notice of Claim</u>

9.      On November 6, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10.      The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and a post office address of the plaintiff.

11.      The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which claims arose, and damage and injuries claimed to have been sustained.

12.      The City of New York, which assigned the claim number 20013PI028676, has neglected and failed to adjust the claims within the statutory time period.

13.      The statute of limitations governing commencement of plaintiff's common law claims was tolled during plaintiff's infancy, and this action was timely commenced.

Facts Underlying<br><u>Plaintiff's Claims for Relief</u>

14.      On September 9, 2013 at and around 3:30 p.m. at and around the Nassau Avenue G Train subway station at Nassau and Manhattan Avenues in Brooklyn, defendant Matthew Recchia accosted and forcibly detained Malik Brown without lawful basis.

-3-

15.     Mr. Brown and two school friends were leaving the Automotive High School after completing the first day of school and were walking to the G Train Station to return home.

16.     The three stopped and spoke at the intersection of Nassau and Manhattan Avenues before entering the Train Station.

17.     Defendant Recchia was standing nearby to the three and said "Shut the fuck up," followed by "Get the fuck off my corner."

18.     The three complied, crossed the Street to another Subway entrance, and walked down.

19.     Defendant Recchia followed and shouted at Mr. Brown, claiming that plaintiff had directed profanity at the Officer.

20.     Mr. Brown truthfully denied saying any such thing.

21.     Defendant Recchia grabbed Mr. Brown by the left bicep and squeezed very hard and pulled plaintiff up the stairs and out of the Subway Station.

22.     As they got to the top of the stairs, plaintiff asked why Recchia was treating him that way.  Recchia pushed Brown, saying "Get the fuck out of here, bitch," and "Don't come back to my train station and get the fuck off my corner."

23.     Plaintiff left and walked some distance to the Metropolitan Avenue L Train Station.

24.     On the second day of school, September 10, 2013, plaintiff again left the Automotive High School at around 3:30 with the same two people and walked to the G Train Station at Nassau and Manhattan Avenues.

-4-

25.     Defendant Recchia was again standing nearby the Subway Station. He was speaking with what appeared to be a civilian as plaintiff and the two others walked to the Station.

26.     Defendant Recchia pointed at Malik Brown and said words to the effect that "There goes that Nigger" as both Recchia and the civilian looked at Brown.

27.     Plaintiff, at the time of both encounters, had been doing nothing suspicious or unlawful or antagonizing to defendant Recchia.  On both occasions, Mr. Brown was simply walking with two school friends to the G Train station to take the subway home.

28.     Defendant Recchia's acts caused Mr. Brown physical pain and injury, mental and emotional upset and humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered a loss of dignity in being publicly accosted, abused, forcibly detained, removed from a Subway Station, threatened,  and in being called a Nigger by an on duty, uniformed New York City Police Officer.

29.     The individual defendant, at all times relevant, and in accosting, abusing, and forcibly detaining plaintiff, and offering false statements to the Civilian Complaint Review Board in an effort to avoid responsibility for his misconduct, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

-5-

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

30.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

31.     By the actions described above, defendant Recchia deprived Mr. Brown of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including plaintiff's right to be free from being stopped, accosted, and arrested without lawful basis.

32.     As a consequence thereof, Malik Brown has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE ARREST

33.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

34.     By reason of the foregoing, plaintiff was intentionally confined without privilege, reasonable suspicion, or probable cause to believe a crime had been committed.  Plaintiff was aware of and did not consent to the confinement.

35.     As a consequence thereof, Malik Brown has been injured.

THIRD  CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

36.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

37.     By the actions described above, defendant Recchia deprived Mr. Brown of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983 by using unreasonable force on Malik Brown.

38.     As a consequence thereof, Malik Brown was injured.

## FOURTH CLAIM FOR RELIEF FOR ASSAULT

39.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

40.     By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

41.     As a consequence thereof, Malik Brown has been injured.

## FIFTH CLAIM FOR RELIEF FOR BATTERY

42.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

43.     By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

44.     As a consequence thereof, Malik Brown has been injured.

## SIXTH CLAIM FOR RELIEF FOR NEGLIGENCE

45.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

46.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to screen, assign, train, supervise, monitor, or discipline its law enforcement

-7-

personnel, including assigning, training, supervising, monitoring, or disciplining individual Police personnel who unlawfully stop, arrest, and use force.

47.     The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officer involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional stops, arrests, and uses of force, and allowed the individual defendant to believe that he could with impunity abuse Mr. Brown.

48.     Defendant City's negligence in screening, assigning, training, supervising, monitoring, and retaining the individual defendant proximately caused plaintiff's injuries.

49.     As a consequence thereof, Malik Brown has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered that plaintiff's rights under the United States Constitution were violated and:

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendant in an amount to be fixed at trial;

(C)     An award to plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988; and

-8-

(E)      Such other and further relief as this Court may deem just and proper

Dated: March 1, 2015
        Brooklyn, New York

                              Law Office of Matthew Flamm
                              *Attorney for Plaintiff*
                              26 Court Street, Suite 2208
                              Brooklyn, New York 11242
                              (718) 797-3117

                              Matthew Flamm